IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO GORE,

    Petitioner,                    No. CIV-S-03-1269 DFL KJM P

    vs.

STEPHEN CAMBRA,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in the Superior Court of Sacramento County of second degree robbery, attempted murder, assault with a firearm, and exhibiting a firearm. He is currently serving a sentence of thirty-six-years-to-life in the California Department of Corrections. Petitioner's only claim is that there is not constitutionally sufficient evidence to support his conviction for attempted murder.

I. Background

        After sentencing, petitioner appealed his conviction for attempted murder to the California Court of Appeal. Answer, Ex. A. The Court of Appeal summarized the facts underlying petitioner's conviction as follows:

/////

1

In January 2000 Ryan B. and his girlfriend Trudy S. were staying with a friend in an apartment complex in Sacramento County. While there, Ryan and Trudy met defendant and his girlfriend and the four became friends. When the friend moved, Ryan and Trudy moved in temporarily with defendant and his girlfriend. Ryan and Trudy paid rent, and also made the unfortunate mistake of informing defendant that when Trudy's approximately $2,700 income tax return was received, they would be purchasing a car and going back to Michigan for a visit.

On February 22, 2000, Ryan and Trudy borrowed a car and went to the bank, ostensibly to cash Trudy's tax refund check. Trudy went into the bank while Ryan waited in the car. When Trudy returned, she gave Ryan approximately $2,800 in cash. They bought some clothes and later returned to the apartment complex, at which point Ryan walked over to Northgate Boulevard and purchased a vehicle for $1,000.

When Ryan returned with the car, he had approximately $1,400 cash in his pocket. He drove up to the apartment complex gate and blew the horn for Trudy to come out. When Trudy did not emerge, Ryan drove inside the gate and pulled into a parking space.

Defendant entered the passenger side of the vehicle and began talking to Ryan. After a brief discussion about the new vehicle, defendant displayed a handgun and demanded Ryan's money.

Determined not to give defendant any money, and afraid of being shot in the face or head, Ryan decided to flee. He opened the driver's side door and ran away in a bent-over position, trying to make himself as small a target as possible. Ryan heard a shot and felt something strike his back. Ryan dropped to one knee, at which point he saw defendant standing two to three feet away with the pistol at his side. Defendant said, "'Don't make me pop you again.'" Ryan reached into his pocket and gave the cash to defendant. Defendant then fled the area.

Ryan was taken by ambulance to the U.C. Davis Medical Center. The medical testimony established the bullet entered his lower back, passed though his liver and large intestine, penetrated his diaphragm, and exited through his upper chest. Ryan underwent two surgeries and was hospitalized for approximately one week.

Testifying in his own behalf, defendant claimed the shooting was accidental. Defendant disclaimed any knowledge Ryan and Trudy received or were about to receive a tax refund.

Defendant testified his sole reason for getting into the car was to confront Ryan about a chain belonging to defendant which he believed Ryan had stolen and sold to a man who hung out at a nearby apartment. Once in the car, defendant demanded that Ryan

> accompany him to the apartment so that Ryan could return the money he received for the chain and defendant could get back his chain. Defendant admitted possessing a handgun, but claimed he displayed it only to force Ryan to accompany him to the apartment. Defendant testified he had been given the handgun by a friend, who assured defendant the gun was unloaded.
>
> According to defendant, Ryan denied any knowledge of the chain and refused to accompany defendant to the apartment, even after defendant brandished the handgun. When Ryan attempted to get out of the vehicle, defendant grabbed Ryan by the pants. Ryan broke free, however, and the jerking motion resulting from Ryan's efforts caused the gun to discharge accidentally. Defendant fled the area- -and following his arrest denied shooting the victim - - because he was afraid no one would believe his story.

Answer, Ex. C at 2-4. The Court of Appeal affirmed petitioner's conviction for attempted murder. Id., Ex. C at 6. Petitioner sought review of the Court of Appeal's decision in the California Supreme Court. Id., Ex. D at 2. Petitioner's request for review was denied without comment. Id., Ex. D at 1.

II. Standards For Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538

3

U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

---

[1]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

This court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. Analysis

Petitioner claims his conviction for attempted murder cannot stand because, according to petitioner, the evidence presented at trial was not sufficient for the jury to find that petitioner intended to kill Ryan B; rather, "at best," the evidence demonstrated petitioner's intent "to shoot the victim to complete a robbery. . ." Pet. at 6. A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to convict him. In Jackson v. Virginia, 443 U.S. 307, 319 (1979), the Supreme Court held "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.).

/////

/////

/////

The California Court of Appeal addressed petitioner's sufficiency of the evidence claim with respect to petitioner's attempted murder conviction as follows:

> To prove a defendant committed the offense of attempted murder, there must be sufficient evidence of an intent to commit murder plus a direct but ineffectual act toward its commission. (§§ 664/187, subd. (a); *People v. Morales* (1992) 5 Cal.App.4th 917, 925.) Express malice must be found (*People v. Chinchilla* (1997) 52 Cal.App.4th 683, 690), e.g., the evidence must demonstrate a deliberate intention unlawfully to kill a fellow human being (*ibid*).
>
> Although a reviewing court must ensure the evidence is reasonable, credible, and of solid value, it is within the exclusive province of the trier of fact to determine the credibility of the witnesses and the truth or falsity of the facts on which that determination depends. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)
>
> In this case, overwhelming evidence satisfies the requisite elements of attempted murder. Two explanations were provided for the jury's determination. Defendant claimed the shooting was accidental and did not occur during the course of a robbery. Ryan claimed the shooting occurred as a result of his initial refusal to submit to defendant's demand that Ryan turn over the cash he carried in his pocket.
>
> A review of the verdict shows the jury categorically rejected defendant's version. Instead, the jury accepted the explanation of events as testified to by Ryan, to wit, defendant, displaying a loaded weapon, demanded Ryan turn over the cash in his pocket. When Ryan refused and attempted to flee, defendant fired. The bullet struck Ryan in the lower back and exited his upper chest, piercing his liver and large intestine and penetrating his diaphragm. This scenario provides overwhelming evidence from which a jury readily could infer an intent to kill.
>
> That defendant pointed and fired the weapon at the victim is itself probative evidence of intent to kill. (*People v. Van Buskirk* (1952) 113 Cal.App.2d 789, 793.) Even more probative of intent to kill is the fact the weapon was fired at point-blank range - - the expert testimony established the gun was fired from a distance of six inches to two feet - - and that the bullet struck defendant not in the arm or leg, but in the back. This evidence created a strong inference defendant fired with an intent to kill. (*People v. Jackson* (1989) 49 Cal.3d 1170, 1201; *People v. Wells* (1988) 199 Cal.App.3d 535, 541.)

/////

/////

> Defendant has failed to carry his "massive burden" of establishing there is no substantial evidence to support the jury's verdict.
> (*People v. Akins* (1997) 56 Cal.App.4th 331, 336.)

Answer, Ex. C at 4-6.

As noted by the court of appeal, evidence was presented at trial indicating defendant intentionally shot another person, at point-blank range in the back, while that person was attempting to escape a robbery defendant was in the course of committing. RT 57:8-61:16, 419:4-423:21, 434:4-436:8. As held by the Court of Appeal, this evidence is sufficient to establish intent to kill under California law.[2] While petitioner did testify that the shooting was accidental, RT 755:23-761:21, such does not entitle petitioner to habeas relief under Jackson because the assessment of the credibility of a witness is generally beyond the scope of habeas review. Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004). In light of the foregoing, the court finds that a rational trier of fact could have found beyond a reasonable doubt that petitioner intended to kill Ryan B., applying intent to kill as defined by the California Court of Appeal. Jackson, 443 U.S. at 319. Furthermore, petitioner has failed to show that he is not precluded from obtaining habeas relief under 28 U.S.C. § 2254(d).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[2] Petitioner does not argue that the Court of Appeal's interpretation of the elements of attempted murder violates the Constitution. In any case, federal courts are generally bound by a state court's interpretation of its own laws. See, e.g., Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000).

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED:  August 15, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

10 1
gore1269.157